UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 10-72820-TJT

**GABRIEL J. BANKS,**  Chapter 7

    Debtor.  HON. THOMAS J. TUCKER
_____/

**MOTION TO DISMISS CHAPTER 7 CASE UNDER 11 U.S.C. §§ 707(a) AND 707(b)(3)**

    Daniel M. McDermott, United States Trustee, states as follows:

    1.    The Court has jurisdiction of this matter based on 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). This Motion is filed pursuant to 11 U.S.C. §§ 707(a) and 707(b)(3). A copy of the proposed Order is attached.

    2.    Debtor filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code on October 27, 2010.

    3.    The Debtor's obligations are primarily consumer debts. The Debtor's nonpriority unsecured debt totals $71,373.00.

**The Legal Standard 11 U.S.C. § 707(a)**

    4.    11 U.S.C. § 707(a) provides:
The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including–

    (1) unreasonable delay by the debtor that is prejudicial to creditors;

    (2) nonpayment of any fees or charges required under chapter 123 of title 28; and

> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

**Dismissal Pursuant to 11 U.S.C. § 707(a)**

5. Upon review of the Debtor's Schedule I, it appears the form was not properly filled out.

6. The United States Trustee believes the Debtor did not properly disclose the household income as required. The Debtor failed to list the monthly income of his non-filing spouse.

7. Schedule I states in part: "The column labeled 'Spouse' must be completed in all cases filed by joint debtors and every married debtor. Whether or not a joint petitions is filed, unless the spouses are separated and a joint petition is not filed."

8. The Statement of Financial affairs shows no indication the Debtor is separated.

9. The Chapter 7 Statement of Current Monthly Income and Means Test Calculation show the spouse earned approximately $4,802.00 per month in the sixth months prior to filing. It is the belief of the United States Trustee that the non-filing spouse is still employed.

10. Absent complete information concerning the Debtor's financial condition, the U.S. Trustee is unable to fulfill his duties under the Bankruptcy Code.

11. Cause for dismissal exists in this case.

**The Legal Standard Under 11 U.S.C. § 707(b)(3)**

12. Section 707(b)(3) provides:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider -
>
> > (B) [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

13. The BAPCPA thus replaces dismissal based upon "substantial abuse" under pre-BAPCPA § 707(b) with a mere "abuse" standard. Under pre-BAPCPA law, substantial abuse could be found where a debtor had sufficient income to repay his or her debts. *See, e.g., In re Krohn*, 886 F.2d 123, 126 (6th Cir. 1989), (indicated that courts should examine, under the totality of the circumstances, both the integrity and honesty of a debtor's dealings with his creditors, as well as whether the debtor is "needy"). The Court, however, stated that:

> Among the factors to be considered in deciding whether a debtor is needy is his ability to repay his debts out of future earnings. That factor alone may be sufficient to <u>warrant dismissal</u>. For example, a court would not be justified in concluding that a debtor is needy and worthy of discharge, where his disposable income permits liquidation of his consumer debts with relative ease.

*Id* at 126 (citations omitted)(emphasis added). Ability to repay debts therefore continues to be grounds for dismissal under the amended § 707(b)(3).

**Abuse Pursuant to 11 U.S.C. § 707(b)(3) - Totality of the Circumstances**

14. The U.S. Trustee asserts that the granting of relief to the Debtor would be an abuse of the provisions of chapter 7 pursuant to § 707(b)(3) because the totality of the circumstances of the Debtor's financial situation demonstrates abuse.

15. The Debtor's Schedule I lists net monthly income of $2,496.00.

16. The Debtor's Schedule J lists monthly expenses of $2,485.00.

17. As scheduled, the Debtor has a net monthly surplus of $11.00.

18. The Debtor's Schedule I does not accurately reflect his income. The Debtor's non-filing spouse earns approximately $4,802.00 per month. This money will be available to unsecured creditors.

19. Debtor's Schedule I lists a deduction of $355.33 to a 401k.

20. While pension repayments and voluntary contributions cannot be considered disposable income in a chapter 13 case (11 U.S.C. § 1322(f)), however, the repayment of such loans and contributions should be taken into consideration when assessing a debtor's ability to repay his debts under § 707(b). *See, i.e., In re Bender,* 373 B.R. 25 (Bankr. E.D. Mich. 2007) and, *In re Carney,* 2007 WL 4287855 (Bankr. N.D. Ohio). Contributions to the Debtor's 401k should be considered disposable income available for the payment of claims. *See, In re Zaporski*, 366 B.R. 758,771 (Bankr. E.D. Mich. 2007) (Where the Court considered the debtor's ability to pay creditors after the 401(k) loans were paid off during the 60 month period.). *See also, In re Vansickel*, 309 B.R. 169, 203 (Bankr. E.D. Va. 2004) (finding that the Debtor's 401(k) contributions to himself at the expense of creditors was unreasonable and excessive). The Bankruptcy Court further stated, "In the context of 707(b) determination, such payments must be treated as disposable, available income for purposes of evaluating whether the debtor has the ability to repay his creditors."). *See*, *In re Zaporski*, 366 B.R. 758 ( Bankr. E.D. Mich. 2007).

21. With the stated surplus and after appropriate adjustments to Schedules the Debtor would have an ability to repay a significant portion of unsecured obligations.

22. The Debtors' attempt to obtain relief under Chapter 7 when he can make meaningful contributions in a Chapter 13 plan constitutes an abuse of the provisions of Chapter 7. *In re Krohn,*

4

10-72820-tjt    Doc 20    Filed 01/31/11    Entered 01/31/11 15:18:01    Page 4 of 8

886 F.2d 123, 126 (6th Cir.1989), *In re Keating,* 298 B.R. 104, 110 (Bkrtcy. E.D.Mich. 2003)(McIvor, J.).

**WHEREFORE,** the United States Trustee respectfully requests the entry of an order dismissing the above-captioned proceeding as an abuse of Chapter 7.

    Respectfully submitted,

    **DANIEL M. McDERMOTT**
    **UNITED STATES TRUSTEE**
    Region 9

By:   /s/ Kelley Callard (P68537)
    Kelley.Callard@usdoj.gov
    Trial Attorney
    Office of the U.S. Trustee
    211 West Fort St - Suite 700
    Detroit, Michigan 48226
    (313) 226-6773

Dated: January 31, 2011

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 10-72820-TJT

**GABRIEL J. BANKS,**                               Chapter 7

    Debtor.                          HON. THOMAS J. TUCKER
_____/

## ORDER DISMISSING CHAPTER 7 CASE

    **THIS MATTER** came before the Court upon the Motion of the United States Trustee for an order dismissing the above captioned case under the provisions of §§ 707(a) and 707(b) (3) of the Bankruptcy Code.

    The Court, having considered the pleadings filed herein, no objection to the motion having been filed,

    **IT IS ORDERED** that above captioned case shall be and the same is **DISMISSED.**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 10-72820-TJT

**GABRIEL J. BANKS,**  Chapter 7

    Debtor.  HON. THOMAS J. TUCKER
_____/

## NOTICE OF MOTION TO DISMISS CHAPTER 7 CASE

    The Office of the United States Trustee has filed papers with the court to dismiss the above entitled case pursuant to 11 U.S.C. §§ 707(a) and 707(b)(3).

    **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you not have an attorney, you may wish to consult one.)

    If you do not want the court to dismiss the case, or if you want the court to consider your views on the motion, **within 14 days**, you or your attorney must:

    1. File with the court a written response or an answer, explaining your position at:[1]

        U. S. Bankruptcy Court
        211 West Fort Street
        Detroit, MI 48226

    If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

    You must also mail a copy to:    Kelley Callard, Esq.
                                    Office of the United States Trustee
                                    211 West Fort Street, Suite 700
                                    Detroit, MI 48226

    2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

    If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

                                                               **DANIEL M. McDERMOTT
UNITED STATES TRUSTEE
Region 9**

                                      By:    /s/ Kelley Callard (P68537)
                                                  Kelley.Callard@usdoj.gov
                                                  Trial Attorney
                                                  Office of the U.S. Trustee
                                                  211 West Fort St - Suite 700
                                                  Detroit, Michigan 48226
                                                  (313) 226-6773

Dated: January 31, 2011

---

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e).

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Case No. 10-72820-TJT

Chapter 7

**GABRIEL J. BANKS,**

HON. THOMAS J. TUCKER

    Debtor.
_____/

# CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2011, I served copies as follows:

1.     Documents Served:      *Motion to Dismiss Case, Notice of Motion* and *Certificate of Service.*

2.     Served Upon:      Gabriel J Banks
    14825 Trenton Road
    Southgate, MI 48195

3.     Method of Service:      First Class Mail

    **DANIEL M. McDERMOTT**
    **UNITED STATES TRUSTEE**
    Region 9

By:    /s/ Karen Riggs
    Karen.Riggs@usdoj.gov
    Paralegal Specialist
    Office of the U.S. Trustee
    211 West Fort St. - Suite 700
    Detroit, MI 48226
    313.226.7259

Dated: January 31, 2011